IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: Michael R. Borden and Rhonda F. Borden,<br>　　　Debtors.<br>_____<br><br>GENOA NATIONAL BANK, a National Banking Association,<br><br>　　　Plaintiff/Appellee,<br><br>v.<br><br>SOUTHWEST IMPLEMENT, INC., a Nebraska Corporation,<br><br>　　　Defendant/Appellant. | 4:07CV3048<br><br>BK05-41272<br>A06-4013<br><br>ORDER |

　　　This matter is before the court on Defendant/Appellant Southwest Implement, Inc.'s (hereinafter, "Southwest") appeal, Filing No. 1, of the bankruptcy court's order granting partial summary judgment to Plaintiff/Appellee Genoa National Bank ("the Bank") in a priority determination. See Filing No. 2; *Genoa v. Southwest Implement, Inc.,* Bankruptcy Case No. 05-41272, Adversary Proceeding No. 06-04013 (hereinafter, "Bankr. Ct. R."), Filing No. 75. The bankruptcy court determined that the debtor's name in financing statements filed by Southwest was seriously misleading as a matter of law. *See* Filing No. 2; Bankr. Record, Filing No. 75. Pursuant to 28 U.S.C. § 158(c)(1)(A), the Bank elects to appeal to this court. Filing No. 4.

　　　I.　　FACTS

　　　The debtors filed a Chapter 12 Bankruptcy Petition as Michael F. Borden and

1

Rhonda F. Borden on April 1, 2005.  *In re Borden,* Case No. BK05-41272, Filing No. 1. Debtor Michael F. Borden did not list any other names in his petition.  *Id.*  The Bank had a blanket lien on all of the debtors' personal property, including all machinery and equipment then owned and thereafter acquired, under a security agreement dated June 25, 2002.  Bankr. Ct. R., Filing No. 19, Exhibit ("Ex.") 1. The Bank's lien on the debtors' personal property was perfected by a financing statement recorded under the name "Michael R. Borden" in the Uniform Commercial Code ("UCC") records maintained by the Office of the Nebraska Secretary of State on June 26, 2002.  Bankr. Ct. R., Filing No. 20, Ex. 2. The Bank's financing statement on the debtors' personal property is disclosed on a UCC records search of the name "Michael R. Borden" using the standard search logic of the Office of the Nebraska Secretary of State.  Bankr. Ct. R., Filing No. 33, Ex. 14, Declaration of Lori Swertzic.

On or about October 20, 2004, Debtor Michael R. Borden entered into Variable Rate Retail Installment Contracts with Southwest, a John Deere dealer, for the purchase of certain farm equipment.  Bankr. Ct. R., Filing Nos. 21 & 22.  Two financing statements were filed in the UCC records of the Nebraska Secretary of State with respect to the farm equipment, identifying the debtor as "Mike Borden."  *Id.*, Filing Nos. 23 & 24.  The debtor is identified on his Nebraska driver's license, his tax returns, and the records of the Register of Deeds as "Michael R. Borden."  *Id.,* Filing Nos. 25, 27, 28 & 29.  He is identified as Michael Ray Borden on his birth certificate.  *Id.,* Filing No. 26.  Similarly, the debtor has bank accounts under the name of Michael Borden.  *Id.,* Filing Nos. 30, 31, & 32.  A search of the UCC records of the Nebraska Secretary of State, using the names "Michael Borden"

or "Michael R. Borden," utilizing the Nebraska Secretary of State's standard search logic, does not disclose either of Southwest's financing statements. *Id.*, Filing No. 33, Declaration of Lori Swertzic.

On appeal, Southwest argues that the issue was not properly the subject of a motion for summary judgment, since the affidavits offered in opposition to the motion created a genuine issue of material fact with respect to the extent of the Bank's knowledge of the debtor's nickname and Southwest's liens.

II.     DISCUSSION

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and its findings of fact for clear error." *See* 28 U.S.C. §1334*; In re Rine & Rine Auctioneers, Inc.*, 74 F.3d 854, 857 (8th Cir. 1996).  A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or "if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Johnson v. Arkansas State Police,* 10 F.3d 547, 552 (8th Cir. 1993) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).  The sufficiency of information in a financing statement is a mixed question of law and fact.   *See Mid-America Dairymen, Inc. v. Newman Grove Coop. Creamery, Inc.,* 214 N.W.2d 18, 24-26 (Neb. 1974); *In re Kinderknecht,* 3098 B.R. 71, 73 (10th Cir. 2004) (perfection of interests is a question of law based on underlying facts).

Nebraska has adopted Revised Article 9 of the UCC, which provides that "a financing statement is sufficient only if it: (1) provides the name of the debtor." Neb. Rev.

3

Stat. U.C.C. § 9-502(a)(1) (1999). The revision of Article 9 was meant to facilitate "a system of notice filing" under which security interest documents need not be filed, but rather only a single document notifying parties in interest that a creditor may have an interest in certain property owned by the debtor. Official Uniform Commercial Code Comment [hereinafter "UCC Cmt."] 2. Because notice of a secured interest in property is accomplished by searching the debtor's name, "[t]he requirement that a financing statement provide the debtor's name is particularly important." *Id.* The revised U.C.C. § 9-503, is meant to "clarify when a debtor's name is correct and when an incorrect name is insufficient." See Neb. Rev. Stat. § 9-101, UCC Cmt. 4.h. If a financing statement "fails sufficiently to provide the name of the debtor," it is deemed to be "seriously misleading" under the UCC. Neb. Rev. Stat. U.C.C. § 9-506(b); § 9-503, UCC Cmt 2. The revised § 9-506 deems a financing statement seriously misleading if the debtor's name does not comply with § 9-503(a), unless a search under the debtor's correct name, using the filing office's "standard search logic," would reveal the financing statement. *In re Irwin,* 2003 WL 21513158, *8-11 (Bankr. D. Kan. 2003).

In view of the purposes of the revisions to UCC.Article 9, the court finds no error in the bankruptcy court's finding that an individual debtor's legal name, as opposed to a commonly used nickname, must be used in a financing statement in order to properly perfect a creditor's security interest. *See In re Kinderknecht,* 308 B.R. at 76 (10th Cir. 2004) (noting that requirement of legal name is supported by four practical considerations: (1) mandating the debtor's legal name sets a clear test so as to simplify the drafting of financing statements; (2) a legal name requirement simplifies the parameters of UCC searches—searchers will know that they need the debtor's legal name to conduct a search,

they will not be penalized for not knowing a nickname, and will not have to guess any number of nicknames that could exist to conduct a search; (3) requiring the debtor's legal name will avoid litigation with respect to whether a reasonable searcher would have or should have known to use the nickname; and (4) obtaining a debtor's legal name is not difficult or burdensome for the creditor taking a secured interest in a debtor's property).

By using the debtor's nickname in its financing statements, Southwest failed to provide the name of the debtor within the meaning of Neb. Rev. Stat. § U.C.C. § 9-503(a), and its financing statements are not sufficient under § 9-502(a).  The court finds no error in the bankruptcy court's conclusion that the financing statements are "seriously misleading" as a matter of law under Neb. Rev. Stat. U.C.C. § 9-506(b).  The record supports the finding that a search of UCC filings under the name of "Mike Borden," using the filing office's standard search logic, would not reveal Southwest's security interest.

III.    CONCLUSION

For the reasons stated herein, the judgment of the bankruptcy court is affirmed. Accordingly

IT IS ORDERED that

1      The judgment of the bankruptcy court is affirmed.

2.     Southwest Implement's appeal is dismissed.

DATED this 20th day of August, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge